UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM K.,

                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. C19-0593JLR

ORDER REVERSING AND
REMANDING DENIAL OF
BENEFITS

## I.      INTRODUCTION

Plaintiff William K. seeks review of the denial of his application for disability insurance benefits. (*See* Compl. (Dkt. # 1).) Plaintiff contends the administrative law judge ("ALJ") erred by (1) failing to consider Plaintiff's lumbar degenerative disc disease a severe impairment at step two, (2) discounting Plaintiff's symptom testimony, (3) discounting the opinions of functional capacities evaluator Ian Johnsen, MSPT, and (4) posing incomplete hypotheticals to the vocational expert. (Pl. Op. Br. (Dkt. # 11) at 1-2.) Plaintiff argues the court should remand this matter for an immediate award of benefits. (*Id.* at 2.)

Defendant concedes the ALJ erred, but argues the appropriate remedy is to remand

this matter for further administrative proceedings.  (Def. Resp. Br. (Dkt. # 15) at 1.)  As

discussed below, the court REVERSES the final decision of the Commissioner of Social

Security (the "Commissioner") and REMANDS the matter for further administrative

proceedings under sentence four of 42 U.S.C. § 405(g).

## II. THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, 20 U.S.C. § 404.1520, ALJ

Glenn Myers found:

> **Step one:**  Plaintiff has not engaged in substantial gainful activity since March 23, 2014, the alleged onset date.  *See* 20 C.F.R. §§ 404.1571-76.

> **Step two:**  Plaintiff has the following severe impairments:  Cerebral palsy, right eye blindness, left shoulder calcific tendinopathy, sleep disorder, depressive disorder, and bipolar disorder.  *See* 20 C.F.R. § 404.1520(c).

> **Step three:**  Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

> **Residual Functional Capacity ("RFC"):**  Plaintiff can perform light work as defined in 20 C.F.R. § 404.1567(b), with exceptions.  He needs a sit-stand option in the workplace.  He will use a cane for walking only.  He cannot perform overhead reaching with the left upper extremity.  He is limited to frequent reaching at or below shoulder level.  He is limited to frequent handling and fingering.  He cannot drive, balance, work at heights, work in proximity to hazardous conditions, or walk on uneven surfaces.  He can perform unskilled, repetitive, routine tasks in two-hour increments.  He can have superficial, incidental contact with the public.  He can have occasional contact with coworkers and supervisors.  He will be off-task eight percent of the time, but will still meet minimum production requirements.  He will be absent from work ten times per year.

> **Step four:**  Plaintiff is unable to perform any past relevant work.  *See* 20 C.F.R. § 404.1565.

**Step five:** Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *See* 20 C.F.R. §§ 404.1569, 404.1569(a).

(Admin. Record ("AR") (Dkt. # 9) at 15-25.) ALJ Myers thus found that Plaintiff had not been under a disability, as defined by the Social Security Act ("Act"), from March 23, 2014, through the date of ALJ Myers's decision. (*Id.* at 25.) The Appeals Council denied Plaintiff's request for review, making ALJ Myers's decision the Commissioner's final decision. (*See id.* at 1-3.)

## III.    DISCUSSION

The only issue the parties dispute is whether this matter should be remanded for an award of benefits or for further administrative proceedings. (*See* Def. Resp. Br. at 1; Pl. Reply Br. (Dkt. # 16) at 1.) Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits, commonly referred to as the "credit-as-true" rule. *See id.* at 1045. First, the court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation

marks omitted). If the first two steps are satisfied, the court must determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. "Even if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

The Commissioner concedes that Plaintiff has met the first step of the credit-as-true rule. (*See* Def. Resp. Br. at 1.) The Commissioner disputes whether Plaintiff has met the second and third steps. (*See id.* at 2.) The court agrees that these steps have not been met because unresolved issues remain that the ALJ—not the court—must decide, and the record does not clearly establish Plaintiff's entitlement to benefits. *See Treichler*, 775 F.3d at 1103-04 (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)).

First, Mr. Johnsen's opinions, on which Plaintiff relies, do not conclusively establish disability. (*See id.* at 4-5.) A claimant is disabled under the Social Security Act (the "Act") only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Mr. Johnsen opined that Plaintiff was limited to "sedentary to light [work] for spinal function and light for hand function, with the additional consideration of his speed of work completion due to visual deficits." (AR at 553.) Mr. Johnsen also noted that Plaintiff

performed very poorly on the Bennett Hand Tool Dexterity Test, which "is designed to

measure an individual's ability to use ordinary factory tools." (*Id.* at 557.) The court

cannot translate Mr. Johnsen's opinions into an RFC; that is a task for the ALJ. *See*

*Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-*

*Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

The record also does not contain evidence establishing whether there are jobs that

exist in significant numbers in the national economy that Plaintiff could perform if Mr.

Johnsen's opinions were properly accounted for. In response to a hypothetical from the

ALJ that matched the ultimate RFC, the vocational expert ("VE") identified two jobs

existing in the national economy that Plaintiff could perform based on that RFC. (*See*

AR at 69-70.) The VE testified, however, that Plaintiff's performance on the Bennett

Hand Tool Dexterity Test would make it difficult for him to meet the minimum

production requirements for either of these jobs. (*See id.* at 78-79.) But neither the ALJ

nor Plaintiff's counsel asked whether there were other jobs that Plaintiff could perform

considering his performance on the Bennett Hand Tool Dexterity Test. (*See id.* at 68-79.)

That issue, at a minimum, needs to be resolved by the ALJ before Plaintiff can be found

disabled under the Act. *See* 20 C.F.R. § 404.1520(g); *see also Tackett*, 180 F.3d at

1098-99.

Second, Plaintiff has not pointed to anything in the remainder of the record that

requires a finding of disability without further factual development. Plaintiff testified as

to low back pain, limiting his ability to walk and stand, and causing periodic falls. (*See*

AR 62-63.)  The record does not contain testimony from the VE as to whether there are jobs existing in significant numbers in the national economy that Plaintiff could perform if these limitations were taken into consideration.  (*See id.* at 68-79.)  Remand for further proceedings is therefore appropriate.

On remand, the ALJ shall reevaluate Plaintiff's impairments at step two of the disability evaluation process, including his lumbar condition; reevaluate Plaintiff's symptom testimony; reassess the opinions in the record, including those of Mr. Johnsen; reassess Plaintiff's RFC; and reassess whether Plaintiff can perform his past work or other work existing in significant numbers in the national economy considering that RFC, as well as Plaintiff's age, education, and work experience.  The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## IV.    CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of January, 2020.

JAMES L. ROBART
United States District Judge